

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| Plaintiff | Civil Action File Number |
|---|---|
| Nadine E Lima | PC-2014-5734 |
| v. | **Attorney for the Plaintiff or the Plaintiff** |
| | Sonja L. Deyoe |
| **Defendant** | **Address of the Plaintiff's Attorney or the Plaintiff** |
| City Of East Providence, By And Through Its | LAW OFFICES OF SONJA L DEYOE |
| Finance Director Malcolm Moore | 395 SMITH STREET |
| | PROVIDENCE RI 02908 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | 145 Taunton Avenue |
| 250 Benefit Street | East Providence RI 02914 |
| Providence RI 02903 | |
| (401) 222-3250 | |

**TO THE DEFENDANT, Kim Mercer:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 11/18/2014. | /s/ Henry Kinch |
|---|---|
| | Clerk |

Witness the seal/watermark of the Superior Court



SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Nadine E Lima<br>v.<br>**Defendant**<br>City Of East Providence, By And Through Its Finance Director<br>Malcolm Moore | **Civil Action File Number**<br>PC-2014-5734 |
|---|---|

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Kim Mercer, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____
_____

☐ I was unable to make service after the following reasonable attempts: _____
_____
_____

SERVICE DATE: ____/____/____        SERVICE FEE $ _____
         Month  Day  Year
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
Signature

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PC-2014-5734
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

STATE OF RHODE ISLAND                                    SUPERIOR COURT
PROVIDENCE, S.C,

NADINE E. LIMA

v.                                        P.C.  2014-5734

CITY OF EAST PROVIDENCE, by and
Through its Finance Director, Malcolm Moore
And CITY OF EAST PROVIDENCE SCHOOL
DEPARTMENT, by and through its
Superintendent, individually and in her official
Capacity, KIM MERCER

## FACTS

1.    The Plaintiff Nadine E. Lima is a Massachusetts resident.

2.    The Defendant City of East Providence is sued by and through its Finance Director
Malcolm Moore in his official capacity only.

3.    The Defendant Kimberly Mercer is sued in her individual capacity and as the
Superintendent of the East Providence School Department.

4.    The Plaintiff Nadine E. Lima is presently a principal for the East Providence School
Department (EPSD).

5.    In 1990, the Plaintiff applied for several positions with the East Providence School
Department.

6.    Jurisdiction is proper in this court as more than $5,000.00 in damages and injunctive
relief are sought.

7.    All of the positions the Plaintiff applied for were filled by Caucasians.

8.    The Plaintiff filed a charge with the Rhode Island Commission for Human Rights
alleging discriminatory hiring processes.

9.    As a result of the plaintiff's charge, the City of East Providence School Committee
entered into a conciliation agreement (Exhibit A).

10.    The terms and conditions of the agreement provided that:

    a.    There would be no retaliation against the Plaintiff for filing the charge.

Case Number: PC-2014-5734
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

    b.      The chairperson for the city of East Providence School Committee was to be appointed as a member to the Affirmative Action Committee of the school department.

    c.      The Affirmative Action Officer for the City of East Providence was to be appointed as an on-going members to the Affirmative Action Committee of the School Department.

    d.      The superintendent shall appoint a minority recruitment committed in order to enhance the applicant pool for east vacant position wherein a deficiency is determined. Members of the recruitment committee were to be minorities selected from non-management positions within the school department.

    e.      In the filling of vacancy or vacancies where there is no minority representation or under representation of minorities, the following procedure shall be used:

        i. If the list of finalist submitted to the Superintendent contains no minority candidates, a second list of finalist containing an equal number of minority candidates taken from the pool of eligible candidates shall be submitted to the superintendent.

        ii. The in the making of their decision, the Superintendent may choose from either list.

    f.      That the Affirmative Action Committee will monitor and review the school department's Affirmative Action plan and submit an annual report to the school committee with copies to the East Providence Minority Political Caucus and to other appropriate agencies on or before December 31 of each year.

11.     On or about Spring 2013, the Plaintiff applied for three different positions with the East Providence School Department, the position of Superintendent, Director of Education and Curriculum Coordinator.

12.     On or about January 2014, the City of East Providence, by and through its Budget Commission, with full notice of the Plaintiff's prior conciliation agreement, Kim Mercer, a Caucasian, was hired as the Superintendent of the EPSD.

    a.      There is only one Superintendent position for the EPSD and when it was being filled, it necessarily could not contain any minority representation in as much as there was only one position to be filled and no other position in which a second Superintendent could be a minority.

    b.      The final list of candidates for the position did not include any minorities.

Case Number: PC-2014-5734
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

     c.      There was no secondary listing of minority candidates created from which a minority could be chosen for the position of Superintendent.

     d.      The East Providence Affirmative Action Committee was not involved in the entire 2013 hiring process, neither was its Affirmative Action officer Elmer Pina.

13.     At the time of the Superintendent's selection, no Affirmative Action Committed for the EPSD existed.

14.     At the time of the Superintendents selection, the chair of the East Providence School Committee did not serve on the East Providence School Departments Affirmative Action Committee.

15.     At the time of the Superintendent's selection, there was no minority recruitment committee.

16.     At the time of the Superintendent's selection, no report was submitted by the EPSD's Affirmative Action Committee about the EPSD's Affirmative Action plan to the school committee and to other appropriate agencies on or before December 31, 2013.

17.     At the time of interviews for the Superintendent position, the Affirmative Action officer for the City of East Providence asked to be involved with the process, and was not included.

18.     In January 2014, after the Superintendent Defendant Kim Mercer was hired, the superintendent along with Human Resources Director Kathleen Waterbury interviewed the candidates for the Director of Education and Curriculum Coordinator positions.

19.     The candidates were then ranked by the an ad hoc committee for the EPSD who forwarded their top three candidates to the Defendant Kim Mercer for her selection.

20.     There were no minority applicant names forwarded to the Defendant Kim Mercer for selection for either position.

     a.      There is only one Director of education and one Curriculum Coordinate position for the EPSD and when it was being filled, it necessarily could not contain any minority representation in as much as there was only one position to be filled and no other position in which a second Superintendent could be a minority.

     b.      The final list of candidates for the position did not include any minorities.

     c.      There was no secondary listing of minority candidates created from which a minority could be chosen for the positions of Director of Education or Curriculum Coordinator.

     d.      The East Providence Affirmative Action Committee was not involved in the entire 2013 hiring process, neither was its Affirmative Action officer Elmer Pina.

Case Number PC-2014-5734
Filed In Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

21.    During the hiring process for all three positions, the Plaintiff kept asking for an affirmative action officer to be involved, but was denied this request.

22.    Two Caucasians were hired for the Director of Education and Curriculum Coordinator positions.

23.    In the summer of 2013, Defendant Kim Mercer filed a review for the plaintiff in which she determined that she was rated Plaintiff's performance to be substandard.

24.    In completing this review, the Defendant Mercer failed to follow the procedure set forth by the Rhode Island Department of Education in that she failed to do a cite visit and failed to interview staff at the school where the Plaintiff was a principal.

25.    Plaintiff filed a complaint with the Rhode Island Commission for Human Rights ("RICHR") on or about November 13, 2013.

26.    Subsequent to the filing of the Plaintiff's complaint with the RICHR, the Defendant increased the number of children with disabilities who attended the school were the Plaintiff is a principal, moving children into her school who should by geography be in other schools, some of which have room for children with disabilities.

27.    As a result of moving these children with disabilities to the Plaintiff's school, the Plaintiff's facilities are overtaxed by the needs of these students such that the educational opportunities for these students is suboptimal.

28.    In addition, due to having a higher percentage of children with disabilities in her school than at any other elementary school in the EPS District, the Plaintiff's staff and teachers will have a harder time getting comparable scores with other school on standardized tests, thus the Plaintiff's overall performance as a Superintendent will be negatively effected.

29.    There are no employees in the EPSD's Central office who are of color.

30.    The EPSD has approximately 600 employees, it employees three principals, twenty teachers, one custodian and one secretary who are of color or 4%. The most recent census of East Providence shows a population which is 15% of color.

31.    Plaintiff received a right to sue letter from the RI Commission for Human Rights dated August 21, 2014 and has filed this action within ninety days thereof.

## COUNT I.
### BREACH OF CONTRACT.

32.    The allegations of above paragraphs are hereby realleged and incorporated by reference.

33.    The conciliation agreement constitutes a contract.

Case Number: PC-2014-5734
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

34.    The Defendants breached the contract by failing to follow its provisions with respect to the positions the Plaintiff applied for.

35.    There a complete lack of a justiciable issue with respect to the application of the contract to the Plaintiff's application for positions as the Director of Education and Curriculum Coordinator and the Defendants breach thereof.

WHEREFORE, Plaintiff seeks a judgment against the Defendants, requiring such equitable relief as may be ordered by this Honorable Court, including an order directing that the Defendants comply with the provisions of the contract, damages to be determined by a jury based on amounts of wages lost by the Plaintiff due to the Defendants breach, Attorneys' fees and cost.

COUNT II.
CIVIL RIGHTS ACT OF 1866
RETALIATION

36.    The allegations of above paragraphs are hereby realleged and incorporated by reference.

37.    The actions of each Defendants against Plaintiff and her fellow co-workers were taken in response to her initial complaint filed with the RICHR, her protected behavior in demanding the protections under the conciliation agreement, and in retaliation for her filing a new complaint with the RICHR on November 13, 2013.

38.    Each of these actions have deprived Plaintiff and her African-American counterparts from the right to make and enforce her contract of employment and to have the full and equal benefit of all laws as is enjoyed Caucasian American citizens, as described above and to be further proved at trial, because of her race, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

39.    These discriminatory actions and inactions of Defendants were committed intentionally and, are a direct, legal and proximate result of this discriminatory conduct; Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

40.    Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allowed by law against each Defendant in an amount to be proved at trial.

41.    Plaintiff further seeks all available declaratory and equitable relief against all Defendants and for Plaintiff, as appropriate.

COUNT II.
CIVIL RIGHTS ACT OF 1866
DISPARATE INPACT

42.    The allegations set forth in paragraphs hereinabove and below are incorporated by

Case Number: PC-2014-5734
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

reference as though fully set forth herein.

43.    Defendants engaged in hiring and employment practices which were deliberately aimed at preventing people of color from being selected for hire by the Defendants, and which prevented people of color from having the same opportunity as Caucasians for jobs with the Defendants as is demonstrated by the lack of people of color in the Defendants central office, and employment of only 4% of people of color overall in the EPSD where as East Providence shows a population which is 15% of color.

44.    The actions and inaction of the Defendants denied Plaintiff the right to work in an environment free from racial animus and otherwise make, enforce, and enjoy the benefits of her contract of employment and to have the full and equal benefit of all laws without the burden caused by Defendants' racial harassment and discrimination, as described above and to be proved to a jury at trial, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

45.    These discriminatory actions and inactions of Defendants were committed intentionally and as a direct, legal and proximate result of this discriminatory conduct, Plaintiff has suffered significant financial loss, severe emotional distress and other injuries to be proved at trial.

46.    Defendants' conduct was carried out by and with the knowledge of upper management and willful, deliberate, and in conscious derogation of Plaintiff's federally protected rights such that an award of punitive damages is appropriate.

47.    Accordingly, Plaintiff seeks compensatory, punitive and other damages and expenses allow by law against each Defendant in an amount to be proved at trial.

48.    Plaintiff further seeks all available declaratory and equitable relief against all Defendants and for Plaintiff, as appropriate.

## COUNT III
## PUNITIVE DAMAGES

49.    The allegations set forth in paragraphs hereinabove and below are incorporated by Reference as though fully set forth herein.

50.    Defendants engaged and continue to engage in discriminatory and unlawful conduct with malice or with a reckless indifference to the rights protected by Federal law. Defendants' actions were willful, deliberate, and showed a conscious disregard for the harm caused to others, including Plaintiff, or, alternatively, showed a conscious desire to inflict such harm.

51.    Accordingly, Plaintiff is entitled to punitive damages.

## COUNT IV
## ATTORNEYS' FEES AND COSTS

52.    The allegations set forth in paragraphs hereinabove and below are incorporated by

Case Number: PC-2014-5734
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

reference as though fully set forth herein.

53.    The misfeasance and wrongful conduct of Defendants evidence such bad faith, and vexatiousness and was carried out with such conscious and reckless disregard of the rights of Plaintiff that such conduct on the part of Defendants entitles Plaintiff to recover her reasonable costs and expenses, including, but not limited to, attorneys' fees, incurred in connection with this action.

54.    Plaintiff is therefore entitled to recover her reasonable attorneys' fees and other costs of litigation pursuant 42 U.S.C. Section 1988, in an amount to be proved at the time of trial.

55.    All conditions precedent to bringing this Count have been completed, perfected and/or waived.

## COUNT V.
### DISCRIMINATORY HIRING PRACTICES AND RETALIATION FOR ENGAGING IN PROTECTED ACTIVITIES BASED ON RACE IN VIOLATION OF STATE LAWS.

56.    The allegations set forth in paragraphs hereinabove and below are incorporated by reference as though fully set forth herein.

57.    This is a claim by the plaintiff against the defendants which incorporates all facts previously stated herein.

58.    The foregoing actions of Defendants demonstrate violations of Rhode Island General Laws 42-112-1 et seq., and Rhode Island General Laws 28-5-7 (1)(i to iii), (5)(6) in as much as Defendants policies and procedures resulted in discriminatory hiring procedures, and Defendants retaliated against the Plaintiff for engaging in protected activities, namely filing the 1990 complaint, the 2013 complaint and asking for an Affirmative Action officer during the hiring process in 2013.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays that this Court:

(a)    Take jurisdiction of this matter and declare Plaintiff's rights under the laws violated by Defendants;

(b)    Permanently enjoin Defendants from further unlawful conduct;

(c)    Award Plaintiff compensatory damages, including without limitation, all back pay, benefits, and other forms of compensation lost as a result of Defendants unlawful conduct;

(d)    Award Plaintiff front pay as is just, equitable and appropriate;

(e)    Award Plaintiff other nominal, general, special and consequential damages incurred as a result of Defendants' conduct;

Case Number: PC-2014-5731
Filed in Providence/Bristol County Superior Court
Submitted: 11/17/2014 4:49:02 PM
Envelope: 10249
Reviewer: Lynn Gaulin

(f)     Award Plaintiff prejudgment and post-judgment interest;

(g)     Award Plaintiff punitive damages;

(h)     Award Plaintiff her costs and expenses of this action, including reasonable attorney fees as authorized by law and

(i)     Award such other and further legal and equitable relief as will effectuate the purposes of law, or as the Court deems just and proper.

Respectfully submitted,
Plaintiff
By Her Attorneys,


___/s/ Sonja L. Deyoe_____
Sonja L. Deyoe, #6301
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com